IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| CANON FINANCIAL SERVICES, INC., | : |
| Plaintiff, | : |
| v. | : Civil No. 23-cv-167 (RBK/SAK) |
| | : **OPINION** |
| DIRECT IMPRESSIONS, INC., *et al.*, | : |
| Defendants. | : |

**KUGLER**, United States District Judge:

This matter comes before the Court upon the Motion to Dismiss Plaintiff's Complaint or, in the Alternative, Transfer Venue (ECF No. 10) brought by Defendants Direct Impressions, Inc., Robert Boye, and Steve Delaney (collectively, "Defendants" or "Direct Impressions, Inc."). For the reasons expressed below, Defendants' motions are **DENIED.**

### I. BACKGROUND

#### A. Factual Background

Plaintiff Canon Financial Services, Inc. ("Plaintiff") is a corporation incorporated in New Jersey, with its principal place of business in Mount Laurel, New Jersey. (ECF No. 1, Notice of Removal ¶ 4). Defendant Direct Impressions, Inc. is a corporation incorporated in Florida, with its principal place of business in Cape Coral, Florida. Defendants Robert Boye and Steve Delaney are each Florida citizens. (*Id.* ¶¶ 5–7).

This matter arises from Defendant Direct Impressions, Inc.'s lease of printing machines from Plaintiff. (*Id.* Ex. A, Compl.). At issue are four separate equipment leases (respectively, the

1

"First Lease," "Second Lease," "Third Lease," and "Fourth Lease," and, collectively, the "Leases") entered into between June 2018 and May 2021. (*Id.* Exs. A–D). Plaintiff alleges that Direct Impressions, Inc. materially breached the Leases by failing to make the payments required when they came due. (*Id.* Ex. A, Compl. ¶¶ 15–16). Plaintiff also seeks to enforce personal guaranties against defendants Boye and Delaney (the "Guaranties"), in which Boye and Delaney agreed to guarantee payment to Plaintiff for amounts owing under the Third and Fourth Leases, and further guaranteed performance of "any other transaction between Customer [Direct Impressions, Inc.] and CFS [Plaintiff]." (ECF No. 11, Br. Opp'n Defs.' Mot. Dismiss, Ex. E).

The Leases and Guaranties each include a forum selection clause expressly providing for jurisdiction in any state or federal court located in Camden or Burlington County, New Jersey. (*Id.* Exs. A–B ¶ 9.1, Exs. C–D, Master Lease Terms ¶ 19, Ex. E ¶ 4).

In each of the First and Second Leases, the forum selection clause is located in the General Terms and Conditions on page three of the agreement and states, in relevant part:

> THIS AGREEMENT AND ALL CLAIMS, DISPUTES AND CAUSES OF ACTION RELATING THERETO . . . SHALL FOR ALL PURPOSES BE GOVERNED BY THE LAWS OF NEW JERSEY WITHOUT REFERENCE TO CONFLICT OF LAW PRINCIPLES. YOU CONSENT TO THE EXCLUSIVE JURISDICTION AND VENUE OF ANY STATE OR FEDERAL COURT LOCATED WITHIN CAMDEN OR BURLINGTON COUNTY, NEW JERSEY, OR AT LESSOR'S OPTION IN ANY STATE WHERE YOU OR THE EQUIPMENT ARE LOCATED. YOU WAIVE OBJECTIONS TO THE JURISDICTION OF SUCH COURTS, OBJECTIONS TO VENUE AND TO CONVENIENCE OF FORUM.

(*Id.* Exs. A–B ¶ 9.1). The language directly above the signature line on page one of each lease agreement integrates the terms included on the subsequent pages—including the forum selection clause—and states:

> BY YOUR SIGNATURE BELOW, YOU AGREE TO LEASE THE ITEMS LISTED ON SCHEDULE A OR IN ANY ADDENDUM(S) TO THIS

> AGREEMENT. YOU ACKNOWLEDGE RECEIPT OF A COPY OF THIS AGREEMENT, INCLUDING THE GENERAL TERMS AND CONDITIONS, WHICH ARE INCORPORATED HEREIN BY REFERENCE.

(*Id.* Exs. A–B at 1).[1]

Similarly, the terms of the Third and Fourth Leases included a forum selection clause stating, in relevant part:

> EACH LEASE SCHEDULE SHALL FOR ALL PURPOSES BE DEEMED A CONTRACT ENTERED INTO IN THE STATE OF NEW JERSEY. THE RIGHTS OF THE PARTIES UNDER EACH LEASE SCHEDULE SHALL BE GOVERNED BY THE LAWS OF THE STATE OF NEW JERSEY WITHOUT REFERENCE TO CONFLICT OF LAW PRINCIPLES. ANY ACTION BETWEEN CUSTOMER AND CFS SHALL BE BROUGHT IN ANY STATE OR FEDERAL COURT LOCATED IN THE COUNTY OF CAMDEN OR BURLINGTON, NEW JERSEY, OR AT CFS' SOLE OPTION, IN THE STATE WHERE THE CUSTOMER OR THE EQUIPMENT IS LOCATED. CUSTOMER, BY ITS EXECUTION AND DELIVERY HEREOF, IRREVOCABLY WAIVES OBJECTIONS TO THE JURISDICTION OF SUCH COURTS AND OBJECTIONS TO VENUE AND CONVENIENCE OF FORUM.

(*Id.* Exs. C–D, Master Lease Terms ¶ 19). The lease schedules executed by Direct Impressions, Inc. in connection with the Third and Fourth Leases integrate the lease terms—again, including the forum selection clause—and state, directly above the signature line:

> THIS SCHEDULE IS ENTERED INTO PURSUANT TO, AND INCORPORATES THE TERMS OF, THE MASTER SALES AND SERVICES AGREEMENT REFERENCED AS THE AGREEMENT # ABOVE ("AGREEMENT"), INCLUDING THE MASTER LEASE TERMS SET FORTH AS RIDER G THERETO WHICH SHALL CONTROL THE LEASE TERMS . . . .

(*Id.* Exs. C–D, Lease Schedule).[2]

The Guaranties also provide expressly for New Jersey jurisdiction, stating:

> THIS GUARANTY SHALL FOR ALL PURPOSES BE DEEMED A CONTRACT ENTERED INTO IN THE STATE OF NEW JERSEY. THE RIGHTS OF THE PARTIES UNDER THIS GUARANTY SHALL BE

---

[1] "Schedule A" refers to the General Terms and Conditions for the First and Second Leases. *See* ECF. No. 11, Exs. A–B, General Terms and Conditions.

[2] "Rider G" refers to the Master Lease Terms for the Third and Fourth Leases. *See* ECF No. 11, Exs. C–D, Master Lease Terms.

GOVERNED BY THE LAWS OF THE STATE OF NEW JERSEY, WITHOUT REFERENCE TO CONFLICT OF LAW PRINCIPLES. ANY ACTION BETWEEN GUARANTORS AND CFS SHALL BE BROUGHT IN ANY STATE OR FEDERAL COURT LOCATED IN THE COUNTY OF CAMDEN OR BURLINGTON, NEW JERSEY, OR AT CFS' SOLE OPTION IN THE STATE WHERE ANY GUARANTOR, CUSTOMER OR EQUIPMENT IS LOCATED. GUARANTORS, BY THEIR EXECUTION AND DELIVERY HEREOF, IRREVOCABLY WAIVE OBJECTIONS TO THE JURISDICTION OF SUCH COURTS AND OBJECTIONS TO VENUE AND CONVENENIENCE OF FORUM.

(*Id.* Ex. E ¶ 4).

Defendants signed each of the Leases and Guaranties. (*Id.* Exs. A–E). The Leases and Guaranties make clear that Defendants are responsible for all payments due thereunder for the full respective terms of each Lease. (*Id.* Exs. A–E). Defendants initially made payments to Plaintiff under the Leases but are alleged to have since defaulted by failing to make the remaining payments due. (ECF No. 1, Ex. A, Compl. ¶¶ 15–16).

### B. Procedural History

Plaintiff initially filed a complaint in the Superior Court of New Jersey, Burlington County, on December 7, 2022, asserting four counts of breach of lease and one count of quantum meruit against Defendants jointly, severally, and collectively, in the amount of $551,835.46. (*Id.* ¶¶ 20–29). Defendants timely removed to this Court under 28 U.S.C. §§ 1332(a), 1441, and 1446. (*Id.*, Notice of Removal). This Court has subject-matter jurisdiction to review this matter under 28 U.S.C. § 1332(a), as there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

Defendants filed the instant motion to dismiss or, in the alternative, transfer venue on February 16, 2023. (ECF No. 10). Defendants argue that (1) this Court lacks personal jurisdiction over Defendants; (2) the forum selection clause is unenforceable because it is unfair and unreasonable; and (3) that this Court should accordingly transfer the action to the Middle District

of Florida for the convenience of the parties or, in the alternative, dismiss the case under the doctrine of *forum non conveniens*. (*Id.*)

Plaintiff filed a brief in opposition to the motion on February 27, 2023. (ECF No. 11). Defendants filed a reply to the opposition brief on March 27, 2023. (ECF No. 17). The matter is now ripe for this Court's review.

## II. LEGAL STANDARD

### A. Forum Selection Clauses

In the Third Circuit, forum selection clauses "are to be given 'controlling weight in all but the most exceptional cases.'" *Olde Homestead Golf Club v. Elec. Transaction Sys. Corp.*, 714 F. App'x 186, 190 (3d Cir. 2017) (quoting *Stewart Org., Inc. v. Ricoh Corp*, 487 U.S. 22, 33 (1988) (Kennedy, J., concurring)). That is, where the parties to a contract "have specified the forum in which they will litigate disputes arising from their contract, federal courts must honor the forum-selection clause '[i]n all but the most unusual cases.'" *In re: Howmedica Osteonics Corp.*, 867 F.3d 390, 397 (3d Cir. 2017) (quoting *Atl. Marine Constr. Co. v. U.S. District Court*, 571 U.S. 49, 66 (2013)).

In *Atlantic Marine*, the Supreme Court cautioned that "[w]hen parties have contracted in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties' settled expectations." 571 U.S. at 66. It reasoned further that the "enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system." *Id.* at 63.

The Third Circuit has applied this language to conclude that "claims concerning those parties [who agree to forum-selection clauses] should [typically] be litigated in the fora designated by the clauses." *In re: Howmedica*, 867 F.3d at 404. Accordingly, this Court has

5

repeatedly held that "forum-selection clauses are presumptively valid" in the Third Circuit. *Cadapult Graphic Sys., Inc. v. Tektronix, Inc.*, 98 F. Supp. 2d 560, 564 (D.N.J. 2000) (quoting *Reynolds Publishers, Inc. v. Graphics Fin. Group, Ltd.*, 938 F. Supp. 256, 263 (D.N.J. 1996)).

A party may challenge a forum selection clause's presumptive validity by "mak[ing] a 'strong showing' that the clause is 'unreasonable.'" *Id.* (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972)). "Enforcement is unreasonable where either the forum selected is 'so gravely difficult and inconvenient that [the resisting party] will for all practical purposes be deprived of his day in court,' or the clause was procured through 'fraud or overreaching.'" *MacDonald v. CashCall, Inc.*, 883 F.3d 220, 232 n.14 (3d Cir. 2018) (quoting *M/S Bremen*, 407 U.S. at 15–18).

### B. Motion to Transfer Venue

28 U.S.C. § 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

When a valid forum selection clause exists, however, "district courts [must] adjust their usual § 1404(a) analysis in three ways." *Atl. Marine*, 571 U.S. at 63. Specifically, district courts

> (1) must give no weight to the forum preferred by 'the party defying the forum-selection clause'; (2) must deem the private interests to 'weigh entirely in favor of the preselected forum' because the parties agreed to the preselected forum and thereby waived the right to challenge it as inconvenient; and (3) must proceed to analyze only public interests.

*In re: Howmedica*, 867 F.3d at 402 (quoting *Atl. Marine*, 571 U.S. at 581–82).[3]

---

[3] Public-interest factors typically include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." *Atl. Marine*, 571 U.S. at 62 n.6 (quoting *Piper Aircraft v. Reyno*, 454 U.S. 235, 241, n.6 (1981)).

### III. DISCUSSION

Defendants allege that the venue provisions in the Leases are without legal effect because they are unfair and unreasonable. (ECF No. 10 at 6). Defendants argue that there was "no New Jersey connection to the agreement," that there was an "absence of meaningful choice," and that any alleged breach would have occurred in Southwest Florida. (*Id.*).

Defendants, however, were on clear and repeated notice that they were consenting to the jurisdiction of New Jersey courts—and waiving any objection to the same—upon signing each of the four Leases. (*See* ECF. No 11, Exs. A–E). Moreover, because this matter involves commercial equipment leases between sophisticated parties, it is not unfair to expect Defendants to review the material terms of each lease, even if doing so requires navigating "links to other pages with a myriad of terms and conditions." (*See* ECF No. 10 at 3). Nor would enforcement of the forum selection clause in New Jersey be "so gravely difficult and inconvenient that [Defendants] will for all practical purposes be deprived of [their] day in court." *See MacDonald*, 883 F.3d at 232 n.14 (quoting *M/S Bremen*, 407 U.S. at 15–18).

Accordingly, Defendants have not met the Third Circuit's relatively high burden of rebutting the presumed validity of the forum selection clauses at issue, nor is this action an "exceptional case[]" that warrants deviation from the terms of the parties' bargained-for Leases. *See Olde Homestead*, 714 F. App'x at 190. The forum selection clauses are thus valid and enforceable, and Defendants have waived their right to challenge the convenience of the forum. *See Atl. Marine*, 571 U.S. at 64 ("When parties agree to a forum-selection clause, they waive the

7

right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation.").[4]

Nor are Defendants successful in asserting a lack of personal jurisdiction. Defendants offer an incorrect personal jurisdiction analysis based on minimum contacts, which is undertaken to determine general or specific jurisdiction in connection with a state's long-arm statute only for those defendants who have *not consented* to suit in the forum. *See* ECF No. 10 at 4; *Mallory v. Norfolk S. Rwy. Co.*, 143 S. Ct. 2028, 2039 (2023) (plurality opinion). By contrast, "express or implied consent" provides an independent basis for personal jurisdiction, "and consent may be manifested in various ways by word or deed." *Mallory*, 143 S. Ct. at 2039 (plurality opinion). Such a manifestation of consent has long included forum selection clauses. *See, e.g., id.* at 2044 ("[S]igning a contract with a forum selection clause . . . can carry [] profound consequences for personal jurisdiction.") (plurality opinion); *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585 (1991) (finding consent to forum selection clauses to be an independent basis for conferring personal jurisdiction). Because the clauses at issue are valid, Defendants have consented to the personal jurisdiction of New Jersey courts—including this Court—as the Leases provide.

Finally, although Defendants are Florida citizens primarily residing and doing business within that State, they have failed to meet their burden to show that public-interest factors overwhelmingly favor a transfer under § 1404. *See In re: Howmedica*, 867 F.3d at 402. This Court is likewise unconvinced that any relevant public-interest factors exist that might otherwise impede its ability to fairly and efficiently review this action. *See Atl. Marine*, 571 U.S. at 64 (noting that "[o]nly under extraordinary circumstances unrelated to the convenience of the

---

[4] Similarly, a forum selection clause does not render venue in a court "wrong" or "improper" within the meaning of § 1406(a) or Rule 12(b)(3). *Atl. Marine*, 571 U.S. at 59.

parties" should a forum selection clause be overturned). Accordingly, the parties' bargained-for choice of forum controls, and transfer to the Middle District of Florida or dismissal under the doctrine of *forum non conveniens* would be improper.

## CONCLUSION

For the reasons set forth above, the Court **DENIES** Defendants' motions (ECF No. 10). An Order follows.

Dated: 9/18/2023

ROBERT B. KUGLER
United States District Judge

9